# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **PARK VALLEY INN HEALTH CENTER,** *Plaintiff* | § § § § | |
| **v.** | § § | **No.  1:25-CV-01088-ADA-DH** |
| **UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,** *Defendant* | § § § § § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D. ALBRIGHT
      UNITED STATES DISTRICT JUDGE

Before the Court are Defendant United States Department of Health and Human Services' ("HHS") motions to dismiss, Dkts. 9; 15, and all related briefing. After reviewing these filings and the relevant law, the undersigned will recommend that the District Judge deny as moot HHS' first motion to dismiss, Dkt. 9, and grant HHS' second motion to dismiss, Dkt. 15.

## I.      BACKGROUND

Plaintiff Park Valley Inn Health Center ("Park Valley") is a nursing facility. Dkt. 12, at 1. It first applied to bill the Medicare program for services rendered to Medicare beneficiaries through the Center for Medicare and Medicaid Services ("CMS") on September 1, 2019. *Id.* at 2-3. According to Park Valley, its application was "fully corrected and completed" by September 13, 2019. *Id.* at 2. CMS granted

1

Park Valley's application but concluded that Park Valley's Medicare certification effective date was December 10, 2019.[1] *Id.* at 3. Park Valley believes its Medicare certification effective date should have been either September 1 or September 13, 2019. *See id.* Park Valley alleges it suffered approximately $420,000 in lost revenues for its inability to bill the Medicare program from September 1, 2019, to December 10, 2019. *Id.* If the effective date were instead September 13, 2019—the date Park Valley corrected its application—Park Valley alleges it suffered $360,000 in lost revenues between September 13, 2019, and December 10, 2019. *Id.* at 3-4.

Park Valley exhausted administrative appeals, culminating in an April 24, 2025, decision favorable to HHS. *Id.* at 4. Park Valley was required to commence any civil action in district court within 60 days of receiving the final administrative decision. 42 C.F.R. §§ 498.90(a)(1) (providing for judicial review by filing in the district court for cases not involving a civil money penalty), 498.95(a) (setting the 60-day deadline to file). Park Valley sued HHS in the Fifth Circuit on June 12, 2025. Dkt. 12, at 6-7. So while Park Valley initially sued within the 60-day period, it sued in the wrong court. Park Valley re-filed in this Court on July 11, 2025, asserting that its Medicare certification effective date should be either September 1 or September 13, 2019, and HHS' decision to render the certification effective in December was arbitrary, capricious, and beyond HHS' statutory authority. *Id.* at 4; *see also* Dkt. 1. July 11, 2025, falls outside the 60-day window to seek judicial review.

---

[1] Park Valley further alleges that CMS later "arbitrarily changed the new effective date of participation in the Medicare program to be one day later than what CMS previously determined (i.e., December 11, 2019)." Dkt. 12, at 3.

HHS moved to dismiss Park Valley's original complaint, arguing that it was untimely filed. Dkt. 9. Park Valley amended its complaint[2] to allege that the 60-day deadline should be equitably tolled because it filed a timely complaint in the wrong forum. Dkt. 12, at 7-8. HHS filed a second motion to dismiss, arguing that equitable tolling does not apply and the Court should dismiss Park Valley's case as untimely. Dkt. 15.

## II.    LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

---

[2] The undersigned will recommend that the District Judge dismiss HHS' motion to dismiss, Dkt. 9, as moot based on Park Valley's filing of its amended complaint. *See* Dkt. 15, at 1 n.1.

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "A motion to dismiss as untimely under a statute of limitations invokes Federal Rule of Civil Procedure 12(b)(6)." *Rosas v. Univ. of Tex. at San Antonio*, No. 5:18-CV-536-DAE, 2019 WL 13318687, at *5 (W.D. Tex. May 9, 2019) (citing *Triplett v. Heckler*, 767 F.2d 210, 211-12 (5th Cir. 1985)).

### III.    DISCUSSION

There is no dispute that Park Valley's July 11, 2025, filing in this Court occurred after the 60-day deadline. *See* Dkt. 12, at 7. The parties also agree that the 60-day filing deadline constitutes a statute of limitations. *See id.* at 7; Dkt. 15, at 4;

*Bowen v. City of New York*, 476 U.S. 467, 478-79 (1986). Thus, the parties' sole dispute with respect to HHS' motion is whether equitable tolling applies. If it does not, the Court should dismiss Park Valley's suit as untimely.

"The doctrine of equitable tolling preserves a plaintiff's claims when the strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (per curiam) (internal quotations omitted). Equitable tolling, however, "applies only in rare and exceptional circumstances." *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002) (internal quotations omitted). To show it is entitled to equitable tolling, Park Valley must establish two distinct elements: (1) that it has been pursuing its rights diligently, and (2) that some extraordinary circumstance stood in its way and prevented timely filing. *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255-56 (2016). The second element is "met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 257 (emphasis original). A failure to demonstrate either element is fatal to Park Valley's equitable-tolling request. *See id.* at 256.

Park Valley fails to establish that some extraordinary circumstance standing in its way prevented timely filing. *See Menominee*, 577 U.S. at 255. Accordingly, the undersigned finds that equitable tolling does not apply. *See id.* at 256. Park Valley articulates no circumstance beyond its control as the reason for its delay. *See id.* at 257. It explains that after filing in the Fifth Circuit, counsel later realized this suit should be filed in district court. Dkt. 12, at 7. Accordingly, Park Valley's untimeliness

resulted from counsel's error, a circumstance within its control. *Cf. Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) ("We are reluctant to apply equitable tolling to situations of attorney error or neglect, because parties are bound by the acts of their lawyer."); *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) ("[N]either 'excusable neglect' nor ignorance of the law is sufficient to justify equitable tolling."); *Farmer v. D&O Contractors, Inc.*, 640 F. App'x 302, 307 (5th Cir. 2016) ("[A] party's mistaken belief is not an extraordinary circumstance."). HHS' motion to dismiss, Dkt. 15, should be granted on that basis alone.

Park Valley contends that the doctrine of wrong-forum tolling should still apply here, *Menominee*'s test notwithstanding. Dkt. 12, at 7. The undersigned disagrees. It is true that the Fifth Circuit has historically recognized three non-exhaustive circumstances in which equitable tolling applies, including "the pendency of a suit between the same parties in the wrong forum." *Timmons v. Sw. Rsch. Inst.*, No. SA-23-CV-01443-XR, 2024 WL 1904342, at *2 (W.D. Tex. Apr. 29, 2024) (citing *Wilson v. Sec'y, Dep't of Veterans Affs. on Behalf of Veterans Canteen Servs.*, 65 F.3d 402, 404 (5th Cir. 1995)).[3] Of course, to the extent *Menominee* is inconsistent with Fifth Circuit precedent, *Menominee* controls. *See* Dkt. 16, at 10 (arguing that the Fifth Circuit has not required external wrongdoing as an element of wrong-forum equitable tolling).[4] Regardless of whether wrong-forum filing has historically provided a basis

---

[3] The other circumstances include "plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them" and "the EEOC's misleading the plaintiff about the nature of their rights." *Timmons*, 2024 WL 1904342, at *2.

[4] Park Valley cites no post-*Menominee* Fifth Circuit cases holding equitable tolling applies in the wrong-forum context. *See* Dkts. 12; 16.

for equitable tolling in the Fifth Circuit, Park Valley was still required to demonstrate a circumstance outside its control preventing timely filing. *See Menominee*, 577 U.S. at 255. It failed to do so.

Park Valley raises additional Fifth Circuit case law in support of its equitable-tolling argument. Pointing to its initial filing in the Fifth Circuit, Park Valley cites *Granger*, 636 F.3d at 710-11, for the proposition that it is "highly relevant" whether "'the plaintiff took some step recognized as important by the statute before the end of the limitations period.'" Dkt. 16, at 9 (citing also *Perez v. United States*, 167 F.3d 913, 918 (5th Cir. 1999) (holding that equitable tolling applied where the "plaintiff took some step recognized as important by the statute before the end of the limitations period")). That may be, but the Court remains bound by the Supreme Court's directive in *Menominee* that equitable tolling applies only when circumstances outside the plaintiff's control prevent untimely filing. *See Gomez v. Glob. Precision Sys., Inc.*, 636 F. Supp. 3d 746, 758 (W.D. Tex. 2022) (noting *Granger*'s emphasis on plaintiff's taking a "step recognized as important by the statute before the end of the limitations period" but also requiring plaintiff to show an extraordinary circumstance beyond his control). Whether Park Valley took an important step by first filing in the Fifth Circuit does not help it given that it fails to show an extraordinary circumstance beyond its control as required by *Menominee*.

Finally, Park Valley suggests that *Menominee*, insofar as it did not deal directly with wrong-forum filing, did not disturb earlier Supreme Court and Fifth Circuit cases permitting equitable tolling in the wrong-forum context. *See* Dkt. 16, at

5; 7-9 (citing *Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424 (1965); *Herb v. Pitcairn*, 325 U.S. 77 (1945); *Perez*, 167 F.3d at 918); 11 (stating that the Supreme Court and the Fifth Circuit apply "more lenient wrong-forum equitable tolling factors"). This argument fails because *Menominee*'s broader equitable-tolling rule can and does apply in the wrong-forum context. *See, e.g., Sykes v. Am. Airlines*, No. 4:22-cv-00794-O-BP, 2023 WL 2466793, at *3 (N.D. Tex. Feb. 14, 2023) (declining to apply equitable tolling where no circumstance outside plaintiff's control prevented her from filing her discrimination charge with the correct EEOC office); *see also Gomez*, 636 F. Supp. 3d at 758 (recognizing that *Menominee* prescribed a "broader test" for equitable tolling than articulated in pre-*Menominee* Fifth Circuit precedent). Whether or not a plaintiff timely files in the wrong forum, under *Menominee*, it must still show that the error was due to a circumstance outside its control. 577 U.S. at 257. Equitable tolling does not apply in this case.

### IV.    RECOMMENDATION

In accordance with the above discussion, the undersigned **RECOMMENDS** that the District Judge **DENY** HHS' motion to dismiss, Dkt. 9, as **MOOT**. The undersigned **FURTHER RECOMMENDS** that the District Judge **GRANT** HHS' motion to dismiss, Dkt. 15.

### V.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous,

conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED March 10, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE